FRANKS *v.* STATE.

(In Banc. May 13, 1946.)

[26 So. (2d) 71. No. 36140.]

H. C. Stringer, of Jackson, for appellant.

**Greek L. Rice**, Attorney General, by **R. O. Arrington**, Assistant Attorney General, for appellee.

Argued orally by **H. C. Stringer**, for appellant, and by **R. O. Arrington**, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

Appellant was convicted of aiming a pistol at and toward Mrs. J. E. O'Flarity (Section 2013, Code 1942) and sentenced to pay a fine, and to serve a term on the county farm.

He was "keeping company" with the lady, who was married but separated from her husband, and her grown son objected. She worked in appellant's store, and he would drive by her home and transport her to and from there, a distance of some three miles. On Sunday preceding the Saturday of the offense, the son of Mrs. O'Flarity is claimed to have shot at appellant. This, the son denied. The bullet, it was claimed, missed him, but went through the top of his hat, which he exhibited to the jury, and which was inspected by each juror on the trial.

The appellant, at the time he is charged with pointing the pistol at Mrs. O'Flarity, had it on the seat of his truck by his side, as a measure of protection against further attack by her son, he testified. He denied, however, pointing the pistol at her.

The contention of the State is that he used the pistol to coerce her into getting into his truck and going with him. The appellant interposed a denial of the charge. Mrs. O'Flarity was out of the State at the time of the trial and did not testify. The son was the chief witness for the State, and the appellant for himself. Among other things, appellant introduced in evidence certain instances of what he terms "heart hate" of the son toward him, including the shooting episode. He also was permitted

to require the son on the witness stand to admit that while appellant was in jail, the son went to appellant's store and picked up appellant's pistol behind the counter. But he was refused permission to ask the son whether or not he put it in his pocket and carried it away. Appellant argues that this was error, because the excluded part showed malice.

The son testified that at the time of the alleged pistol pointing, he and his mother had started to town, and appellant pulled up in front of their home in his truck, pointed a gun out the window, and told her to get in the truck, or he would shoot her. They were on the porch of their home, about fifty feet away, and the pistol was held on her until she got in the truck. As stated, appellant entered a denial, claiming that the case was a "frame up," growing out of the son's malice toward him.

The objection of appellant to the court's refusal to permit him to prove theft of the pistol, as denying him the right to show the son's malice, is not well-taken, as it had been shown in other instances. Even if theft be competent to show malice (which we do not decide), this evidence would have been merely cumulative, and even if error, not reversible error.

The evidence was conflicting as shown supra, and the jury decided this plain issue of fact against appellant. Since we cannot say the verdict was manifestly wrong, against the overwhelming weight of testimony, we will not invade the province and prerogative of the jury by disturbing it. Evans v. State, 159 Miss. 561, 132 So. 563; Ells v. State, 159 Miss. 567, 132 So. 572.

It is assigned as error here that "prosecuting counsel testified before the jury, instead of arguing the case, as reflected by the special Bill of Exceptions." This special exception recites certain remarks of the State's Attorney, and describes what he did, as follows: " 'Gentlemen of the jury, I want to show you that O'Flarity did not shoot at Franks, as he testified in this case.' He then reached inside the hat on exhibition, caught hold of the inside

lining, pulled same out, and said: 'There are no holes in the lining.' Tendered the exhibit to the jury, and called upon them to examine it for themselves.'' Objection was made and exception taken as stated, and motion made for a mistrial, and all overruled.

On the trial, during the introduction of evidence, appellant's counsel likewise exhibited the same hat to the jury, saying then: ''I am going to let the jurors take and look at it.'' He then passed the hat among the jurors. There was nothing improper in the argument to the jury about the hole in the hat, and its absence from the lining; neither was there anything improper in the hat being again passed among the jurors, during the argument by the State's Attorney. There is no merit in this assignment of error, as it attacks what was merely legitimate argument.

Appellant was not entitled to a directed verdict. There is no merit in this, and other assignments of error.

The judgment of the trial court is affirmed.

Affirmed.